UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE T. JONES,

    Plaintiff,

v.                                    Case No:   6:18-cv-1782-Orl-41TBS

COORS BREWING COMPANY,

    Defendant.

## REPORT AND RECOMMENDATIONS

Pending before the Court is pro se Plaintiff Lawrence T. Jones' Request for Leave to Appeal In Forma Pauperis (Doc. 30). This is the same request Plaintiff made by motion on May 31, 2019 (Doc. 27) and upon which I have already submitted a report and recommendation (Doc. 29). Because I am unaware of any material change since my original report and recommendation, I simply repeat it here. After due consideration, I respectfully recommend that Plaintiff's request, construed as a motion, be denied.

### I. Background

Plaintiff filed this lawsuit without the assistance of a lawyer, alleging that after consuming Defendant's product he became nauseous, blacked out, and later found himself in jail, with a stab wound to his hand (Doc. 1-2). Plaintiff complained that Defendant was liable for failing to warn him and others of the dangers of consuming Defendant's product (Id.). When Plaintiff filed this case, he was (and apparently still is), incarcerated in the Brevard County, Florida jail on a charge of attempted murder (Docs. 1, 15, 27). After reviewing Plaintiff's financial affidavit and jail account records I believe he is unable to pay the costs of an appeal.

Defendant filed a motion to dismiss in which it argued that Plaintiff's complaint failed to state a claim because: (1) under Florida law there is no duty to warn about the effects of consuming alcohol; (2) under Florida law the proximate cause of injuries resulting from intoxication is the intentional consumption and not the manufacture of alcohol; and (3) Plaintiff's failure to warn claim was preempted by the Alcoholic Beverage Labeling Act (Doc. 5 at 4). Plaintiff filed a response in which he said he was alleging that he became sick after drinking Defendant's product and that he held Defendant liable for his illness, black out, and injuries (Doc. 13 at 1).

The Court granted the motion to dismiss with prejudice (Doc. 22). The Court found that "[a] manufacturer's duty to warn arises when there is a need to inform consumers of dangers of which they are unaware," and that "'[b]ecause the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol.'" Cook v. MillerCoors, LLC, 872 F. Supp. 2d 1346, 1351 (M.D. Fla. 2012) (quoting Robinson v. Anheuser Busch, Inc., CIV.A. 00-D-300-N, 2000 WL 35432556, at *2 (M.D. Ala. Aug. 1, 2000) (collecting cases)) (Doc. Id., at 2). The Court also noted that "the degree of intoxication to be expected from any particular brand of beer does not require a duty to warn, or give rise to a fact question." Malek v. Miller Brewing Co., 749 S.W.2d 521, 524 (Tex. App. 1988).

Plaintiff filed his notice of appeal on May 9, 2019 (Doc. 24), and his amended notice of appeal on May 31, 2019 (Doc. 26). His notices focus on case management issues that have nothing to do with the Court's reasoning why this case should be

dismissed with prejudice[1] (Doc. 24 at 1-2; Doc. 26 at 1-2). Plaintiff also conflates this case (about alcohol), with cases involving other products including heart filters, talcum powder, Round-Up and tobacco (Id.). Now, Plaintiff seeks leave of Court to appeal *in forma pauperis* (Doc. 27).

## II. Discussion

Title 28 of the United States Code, Section 1915 provides in part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

A party's ability to file an appeal without paying court fees is limited by the statutory provision that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S.

---

[1] Plaintiff is concerned that the Court understand why his response to an Order to Show Cause was untimely and why the initial case management conference did not occur (Doc. 24 at 1-2; Doc. 26 at 1-2).

438, 445 (1962)); Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). A frivolous case is one without arguable merit. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun, 939 F.2d at 925 (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M.D. Fla. Aug. 24, 2010).

On the merits, I see no basis for a good faith appeal by Plaintiff. "'Florida law dictates that manufacturers have no duty to warn of the well-known effects of alcohol. The Court is not persuaded to deviate from this well-established precedent.'" (Doc. 22 at 2-3) (quoting Cook v. MillerCoors, LLC, 872 F. Supp. 2d at 1351. The Court's ruling on the motion to dismiss is consistent with the great weight of authority. Consequently, I find that Plaintiff's appeal lacks arguable merit and his motion should be denied.

### III. Recommendation

I **RESPECTFULLY RECOMMEND** that the Court certify that Plaintiff's appeal is not taken in good faith and **DENY** his motion to proceed *in forma pauperis* (Doc. 30).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on June 13, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties